By the Court—
BROWN, C. J.
delivering the opinion.
In this case, the award, which was for the defendants, was by order of Court entered upon its minutes. And on affidavit was filed by the plaintiffs to set it aside, because, they “say, that the award which is returned in the above stated case, is illegal in this, that as deponents are informed and believe, the said award is contrary to law and the evidence *in the case.” Upon this affidavit the defendant joined issue. And the whole evidence given in before the arbitrators was submitted to the jury, and the Court was asked to give certain charges, which were refused. The jury found a verdict sustaining the award, and upon this error is assigned.
*372 We hold, that this whole proceeding, after the award was entered upon the minutes, was irregular and illegal. Arbitrament and award are favored by law, and an award will not be set aside, unless the law providing how it may be attacked, is strictly complied with. In Shaifer & Co., v. Baker & Caswell, 38 Georgia, 135, we laid down the rule, that it is not sufficient to state in 'general terms that the award is the result of accident, mistake or fraud, or is generally illegal; the affidavit must state such facts of fraud, accident or mistake, or designate such illegality, that the Court may see that a mistake, etc., did, if the statement be true, occur, and that it was material to the issue. And it is there said “it is plain that it was the intent of the Legislature to provide for some more precise issue than a mere general charge of fraud, accident, mistake or illegality.” And my brother McCay adds the following language in delivering the opinion:
“How can it appear that the award is the result of the mistake, unless the facts are set forth? There may have been a mistake, which was altogether immaterial, and the same of an accident or a fraud. Nothing is better settled than that Courts will not undertake to investigate mere general statements of this character. There must be a statement of facts, a setting forth of the circumstances, so that the Court can say, that if the facts are true, the mistake did occur and was material. The affidavit must be such as that, if the other party should not deny it, the Court can intelligently pronounce that the award was the result of the fraud, accident or mistake charged. Men differ so much about such things, that there is hardly a case in which the” losing party would not be ready to> make such general statements. An award is the judgment of men chosen by the parties, and their judgment ought not, except for good reasons, to fail to be final. The law favors arbitrations, and to allow the judgment to be arrested *and the matter reinvestigated by a jury, on such loose charges would be to fritter away the arbitration law entirely.” We fully endorse and reaffirm this language. There must be such a “statement of facts,” such a setting forth of “circumstances,” that the Court can say, if the facts set forth are true, the mistake did occur, or the illegality did exist. The affidavit must be such, that if the other party should not deny the statement made, the Court can intelligently pronounce that the award, if attacked for illegality, was illegal.
Now, if the other party, the Mayor and Council, in this case, had not denied the statement made in this affidavit of the plaintiffs, could the Court below, or this Court, intelligently pronounce upon the legality or illegality of the award, by an inspection of the affidavit? Clearly not. Not a single fact or circumstance is set forth, which even remotely tends *373 to establish the illegality of the award. If so, what fact? What circumstance? Then the rule so clearly laid down by this Court, in the case referred to, and substantially reaffirmed in the case of Sharp and Brown v. Loyless, decided at last December Term; and in Jones v. Pane decided at this term, has not been complied with in this case. In Cobb v. Morris, also decided at this term, we held that: “In an issue formed upon an allegation, that an award of arbitrators was -made under a' mistake of the arbitrators, the general merits of the controversy are not in isspe, and it falls upon the party attacking the award to show the fact of the mistake; and it is not enough to show that the weight of the testimony is against the award, and from thence infer a mistake.”
In view of these repeated and well considered decisions of this Court, we hold that no such “suggestion of illegality” was made on oath by the plaintiffs as authorized an issue to be formed, or any further proceedings to be had in the Court below to set aside the award; and that the trial had, by which the “general merits of the controversy” were permitted by the Court to be gone into upon a general averment of illegality, was unauthorized and illegal. Section 41.83 of the Code provides, that the award, when entered on the minutes of the Court, shall have all the force and effect of *a judgment or decree of said Court, and may be enforced in the same manner, at any time, after the adjournment of said Court, and shall be final and conclusive between the parties, as to all matters submitted to the arbitrators, unless objection should be pleaded to the same, as is provided in the next section. The next section provides how the objection is to be filed,- and is the one upon which the rulings above quoted were made. If then, “the objections should not be pleaded as required by section 4184,” the Court has no right to hear any issue ■ formed upon it. But the award which is declared to be a judgment, final and conclusive, between the parties, stands in full force. It must be attacked in the manner prescribed by the statute, or it can not be done at all. And when so attacked, the case is not submitted to the jury, as was .done on the trial allowed by the Court in this case, upon its original merits, but the issue, as formed by the parties, is alone submitted. If the award is attacked for illegality, the “facts” or “circumstances” which show in what the illegality consists, must be distinctly stated, and the Court should confine the jury, on the trial, to the issue formed upon that statement; and it should not permit the case to be reheard upon its merits, upon a general charge of illegality. As that was done in this case, and as the whole proceeding was irregular and illegal, we hold the award to be of full force, as a conclusive judgment between the parties, no matter whether the *374 charges given by the Court to the jury were correct or not. As the Court had no legal issue on trial, no charge that he could give the jury could affect the validity of the award to which no legal objection had been made.
It is time the people and the profession should understand that a submission of their rights to arbitration means something, that an award’ is not like the verdict of a petit jury, under our old system—the subject matter of an appeal, at the option of either party; but that it is a final judgment between the partits, unless objections are filed as provided in the statute. This Court has no jurisdiction to review a decision made by arbitrators. - Our jurisdiction is confined to errors committed, or alleged to have been committed, by the *Superior or certain City Courts. Till the award of the arbitrators has been legally reviewed in the Superior Court, we have no power over it. As the jury, on the trial below, found in favor of the award, though the trial was irregular and unauthorized, we affirm the judgment. Or rather, we hold the award, which was legally entered upon the minutes, to be the final judgment of the Court between these parties.
Judgment affirmed.
WARNER, J., concurred.